■ Turner Construction Company, Respondent, v 75 Broad, LLC, Appellant, et al., Defendants. [819 NYS2d 920]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered March 10, 2005, which, in a mechanic's lien foreclosure action, granted plaintiff's motion pursuant to CPLR 6513 for a three-year extension of its notice of pendency against defendant's property only to the extent of extending the notice of pendency for one year, unanimously reversed, on the law and the facts, without costs, the motion denied outright and the subject notice of pendency vacated and discharged.

After filing a mechanic's lien against defendant's property in November 2000 based on work performed for and at the behest of defendant's defaulting tenant, plaintiff waited until March 2002 to file a notice of pendency and commence the instant action. Thereafter, during the ensuing three years, apart from moving for summary judgment in 2003, which motion was denied as premature, plaintiff did little to prosecute the action. The motion court found that plaintiff's delays were "inordinate" but nevertheless granted a one-year extension of its notice of pendency. This was error. "[A] litigant's ability to file a notice of pendency [without prior judicial review is] an 'extraordinary' privilege because of the relative ease by which it can be obtained and its powerful effect on the alienability of real property" (*Matter of Sakow*, 97 NY2d 436, 441 [2002]). As a counterbalance, strict compliance with CPLR article 65 is required (*id.*). Under CPLR 6513, a notice of pendency is valid for three years from the date of filing although it may be extended for an additional three-year period "for good cause shown." Once the motion court found no good cause to extend plaintiff's notice of pendency for a full three-year period, it was without authority to extend it for only one year. In any event, assuming judicial discretion to shorten the extension period, the utter lack of good cause here militates against any further encumbrance of defendant's property. Concur—Andrias, J.P., Saxe, Nardelli, Catterson and Malone, JJ.